IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VALERIE F. JOHNSON  PLAINTIFF

V.  CIVIL ACTION NO. 1:03CV678-B-D

WENDELTA, INC.  DEFENDANT

**ORDER**

This cause comes before the court upon the defendant's motion to dismiss and upon the parties' joint motion to continue. Upon due consideration, the court finds that the motion to dismiss is not well-taken and shall be denied, and the motion to continue shall be granted.

The plaintiff, Valerie Johnson, filed this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 202, 207(a), 213 (1998) ("FLSA"), on December 31, 2003.[1] The plaintiff was employed as an assistant manager at the defendant's Wendy's restaurant in Columbus, Mississippi, for a period of sixteen months. She alleges that during her employment money was stolen from the store and that the defendant, because it could not determine which manager was responsible for the missing money, required each of them to pay half of the amount. The plaintiff refused to comply with the defendant's directive and was subsequently fired. She alleges that the defendant wrongfully deprived her of a year-end bonus and that, by requiring her to pay the allegedly stolen amount, the defendant in effect failed to pay her for hours worked. She further alleges claims for defamation, deliberate infliction of emotional distress, breach of contract, and mental anxiety and stress.

The defendant, Wendelta, Inc., has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Wendelta argues that the plaintiff has not and cannot state a cause of action under the FLSA because she never actually paid the defendant any money and because she

---

[1] The plaintiff also alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332.

has failed to allege that she was not paid for hours she worked or that she did not receive overtime pay – allegations that, if proven, would entitle her to recovery under the FLSA as long as she were not exempted from the statute's protection.

A Rule 12(b)(6) motion is viewed with disfavor and is rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). When considering a 12(b)(6) motion, the court views the complaint in the light most favorable to the plaintiff and views all of the plaintiff's pleaded facts as true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). The plaintiff must plead specific facts – not just conclusory allegations – to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). In evaluating a Rule 12(b)(6) motion, the court is confined to the pleadings and "may only look within the four corners of the complaint . . . ." *In re Catfish Antitrust Litigation*, 826 F. Supp. 1019, 1025 (N.D.Miss.1993) (citing *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985)). The court should grant a motion to dismiss only when it appears certain that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. *C.C. Port, Ltd. v. Davis-Penn Mtg. Co.*, 61 F.3d 288, 289 (5th Cir.1995).

Viewing the complaint in the light most favorable to the plaintiff and viewing all pleaded facts as true, the court finds that the plaintiff's claims survive Rule 12(b)(6) scrutiny. Due to the limits of Rule 12(b)(6) review, the court cannot determine at this time whether material questions of fact exist as to each of the plaintiff's claims; and a summary review of the record may reveal that some or all of the claims are without merit. The current review, however, is limited to the four corners of the complaint, and the court is satisfied that the plaintiff has adequately alleged facts that, if proven true, may support claims upon which relief may be granted.

For the foregoing reasons, the court must deny the defendant's motion to dismiss. The court shall grant the parties' joint motion to continue the trial of this cause until further notice of the court.

It is, therefore, **ORDERED AND ADJUDGED**

that the defendant's motion to dismiss is **DENIED**;

that the parties' joint motion to continue is **GRANTED**;

that the stay of discovery entered November 8, 2004, is hereby **lifted**; and

that the trial of this cause originally set for May 16, 2005, is hereby **continued** until further order of the court.

The parties are referred to the assigned Magistrate Judge for amended case management deadlines.

This, the 22nd day of April, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**